UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
EXERGEN CORPORATION,                  )
            Plaintiff,                )
                                      )
v.                                    )   CIVIL ACTION NO. 01-11306-RCL
                                      )   CIVIL ACTION NO. 02-10436-RCL
CVS CORPORATION, SAAT SYSTEMS         )
APPLICATION OF ADVANCED               )
TECHNOLOGY, LTD., and DAWA            )
PRODUCTS, INC.,                       )
            Defendants.               )
_____)

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

Before the court is a motion of the plaintiff, Exergen Corporation, pursuant to Fed. R. Civ. P. 52, 54(b) and 59(e), for the entry of final judgment and permanent injunction in this matter. Because the motion was filed after final judgment was entered, *compare* docket entry 204 *with* docket entry 225, the court will treat the motion as one to alter or amend the judgment.

This case was tried to a jury, which rendered a verdict in favor of Exergen. The jury found that each of the defendants, CVS Corporation ("CVS"), SAAT Systems Application of Advanced Technology, Ltd. ("SAAT") and Daiwa Products, Inc. ("Daiwa"), had infringed claim 7 of Exergen's United States Patent No. 5,012,813; claims 1, 3, 4, and 5 of Exergen's United States Patent No. 6,047,205; and claims 1, 27, 28, 29, and 30 of Exergen's United States Patent No. 6,292,685. The jury also found that, in each case, the infringement had been willful, and that the patent claims in question are all valid (the defendants having counterclaimed that each of the patent claims was invalid). The jury awarded damages in the amount of $1,563,438 against SAAT; $254,526 against CVS; and $704,414 against Daiwa. The court entered judgment in accordance with the verdict and awarded post-judgment interest at the rate of 3.68 percent.

By the present motion, Exergen seeks the entry of a permanent injunction that would prohibit the defendants from making, using, selling, and offering for sale any infringing products in the United States and from importing infringing products into the United States. In addition, Exergen proposes that the injunction require the defendants to surrender to Exergen all infringing devices in their possession, custody or control. With respect to damages, Exergen seeks, as to each defendant, a trebling of the award made by the jury and a finding that each defendant is liable jointly and severally with the others for each award of actual damages made by the jury and trebled by the court. Finally, Exergen seeks an award of prejudgment interest and an award of attorneys' fees.

For the relief it seeks, Exergen first invokes Fed. R. Civ. P. 52. Rule 52, however, provides for the amendment of the court's findings in an action tried to the court without a jury. Except perhaps with respect to the request for injunctive relief, Rule 52 is not an appropriate vehicle for the relief that Exergen now seeks.

Exergen also seeks relief under Fed. R. Civ. P. 59(e). A timely filed motion under Rule 59(e) permits a court to alter or amend a judgment. Such a motion is addressed to the trial court's discretion, and because the rule provides no grounds for a motion to amend or alter a judgment "the district court enjoys considerable discretion in granting or denying the motion." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995) (hereinafter "WRIGHT, MILLER & KANE"). There are limits to that discretion, however, because modifying a judgment after it has been entered is an extraordinary remedy to be used sparingly. *Id.* There are four circumstances under which a motion under Rule 59(e) may be granted: (1) to correct manifest error of fact or law upon which

the judgment is based; (2) to take account of newly discovered evidence; (3) to take account of an intervening change in controlling law; or (4) to prevent manifest injustice.  The motion under Rule 59(e), however, "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*

All of the relief sought by the present motion (save the request for attorneys' fees, discussed below) is of a kind that could have been raised before the entry of judgment; that is, the grounds now offered to justify the relief sought by the present motion were available to Exergen before judgment was entered in this case.  *See generally*, Memorandum in Support of Exergen's Motion for Entry of Final Judgment and Permanent Injunction ("Exergen's Memorandum") (setting forth legal authority and factual bases for relief sought).  Indeed, Exergen failed even to request the relief now sought when it filed its original proposed form of judgment for consideration by the court.  *See* docket entry 202.  The court with modifications of its own, entered judgment substantially in the form requested by Exergen.  *See* docket entry 204.  Nothing in Exergen's papers, however, demonstrates that amending or altering the judgment is warranted in light of the narrow grounds on which Rule 59(e) relief can be justified.  Accordingly, Exergen's requests for enhanced damages, for a reallocation of the responsibilities among the defendants for the payment of damages, and for prejudgment interest are denied.

The question of the request for injunctive relief requires additional comment.   One might well assume that it is appropriate for the court to exercise its discretion to grant the equitable relief of a permanent injunction in light of the jury's determination that the defendants have infringed the patent claims in question and the fact that the plaintiff sought such relief in its complaint.  *See* Complaint, Prayer for Relief B.  Relying on what the Federal Circuit once called a

"general rule," Exergen argues that a permanent injunction should issue because such relief follows from a finding of infringement. Exergen's Memorandum at 4 (citing *Richardson v. Suzuki Motor Co., Ltd.,* 868 F.2d 1226, 1247 (Fed. Cir. 1989)). Thus, according to the "general rule," unless there is a sound reason for denying it, the injunction should issue when infringement has been determined, so that the patent right to exclude others is preserved. *Id.*

A few months ago, however, the Supreme Court held that the four-factor test which a plaintiff generally must satisfy before a permanent injunction may issue applies "with equal force to disputes arising under the Patent Act." *E-Bay Inc. v. MercExchange LLC,* 126 S. Ct. 1837, 1839 (2006). Thus, to justify an award of permanent injunctive relief, Exergen (having succeeded on the merits at trial) was required to show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that considering the balance of hardships between [Exergen and the defendants], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* The Supreme Court thus rejected the notion that there is a general rule, "unique to patent disputes," that displaces the traditional four-factor test. *See id.* at 1841.

Exergen has not made the showings mandated by the test. It has not shown, for example, that the remedies at law are inadequate as compensation for its injury or indeed that the injury it has suffered is irreparable. Nor has Exergen shown that the balance of hardships between it and the defendants justifies the injunction. Accordingly, no permanent injunction will be ordered.

Finally, the plaintiff seeks an award of attorneys' fees. That request does not implicate Rule 59(e), because that kind of relief is collateral to the judgment. WRIGHT, MILLER & KANE. Presumably then the request for attorneys' fees is made pursuant to Fed. R. Civ. P. 54(d)(2)(B).

When attorneys' fees are not recoverable as an element of damages (as is the case here), that rule requires that the prevailing party file a motion for fees not later than fourteen days after the entry of judgment; that the motion specify the judgment and the authority for an award of fees; and that the motion state the amount or provide an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(B)  Exergen's motion provides neither a statement nor an estimate of its attorneys' fees. The defendants argue first that the request for an award of attorneys fees may be denied on that basis alone.

Case law under Rule 59(e), however, holds that the fourteen-day period during which a prevailing party may apply for fees does not begin to run until motions under Rule 59 have been resolved. *See, e.g., Bailey v. County of Riverside,* 414 F.3d 1023, 1025 (9th Cir. 2005); *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.,* 412 F.3d 685, 691 (6th Cir. 2005); *Weyant v. Okst,* 198 F.3d 311, 315 (2d Cir. 1999). Accordingly, the defect in the present motion can be corrected, provided a timely motion for fees is filed after the entry of the present order, which resolves the pending Rule 59 motion.

The parties dispute whether an award of fees is warranted, however. Pursuant to 35 U.S.C. §285: "The court in exceptional cases may award reasonable attorneys' fees to the prevailing party." The dispute thus centers around the question whether this is an exceptional case. The defendants, citing *Codex v. Milgo Elec., Corp.,* 717 F.2d 622, 630 (1st Cir. 1983), argue that attorneys' fees generally are awarded only where there is strong evidence of unfairness and bad faith on the part of the losing party. The defendants say that there is no evidence supporting unfairness or bad faith on their parts in this case. As noted above, however, the jury has found that each of the defendants willfully infringed the claims at issue in this case. Exergen

points out and the Federal Circuit has held that the finding of willful infringement is itself a sufficient basis on which the court may determine that the case is exceptional. *See, e.g., Golight, Inc. v. Wal-Mart Stores, Inc.,* 355 F.3d 1327, 1340 (Fed. Cir. 2004) ("While a finding of willful infringement does not require a finding that a case is exceptional . . . our cases uniformly indicate that the willfulness of the infringement by the accused infringer may be a sufficient basis in a particular case for finding the case 'exceptional' for purposes of awarding attorneys fees to the patent owner.") (citing *Avia Group Int'l, Inc. v. L.A. Gear Cal.,* 853 F.2d 1557, 1567 (Fed. Cir. 1988))  In other words, a showing of more egregious conduct than willful infringement is unnecessary as a predicate for an award of attorneys fees. *Id.*  Accordingly, reasonable fees may be awarded in this case upon a timely filed motion.

      For the reasons stated above, the court denies Exergen's motion to alter or amend the judgment.  Exergen may pursue its claim for attorneys' fees by an appropriate motion as discussed above.

      SO ORDERED.


                                            /s/ REGINALD C. LINDSAY

                                            United States District Judge

DATED: January 12, 2007